UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN P. WALSH,<br><br>        Plaintiff,<br><br> -against-<br><br>SCARSDALE UNION FREE SCHOOL DISTRICT,<br>and MICHAEL McDERMOTT<br><br>        Defendants. | No. 16 Civ. 3558 (NSR)<br><br>**OPINION & ORDER** |

NELSON S. ROMÁN, United States District Judge

  Plaintiff Stephen P. Walsh ("Plaintiff" or "Walsh") commenced this action against his former employer, the Scarsdale Union Free School District ("SUFSD") and Michael McDermott (collectively, "Defendants") on May 12, 2016. (*See* Complaint, ("Compl."), ECF No. 1.) Plaintiff alleges that Defendants discriminated against him because of his age and that the discrimination against him culminated in his constructive discharge. The action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* and New York State Human Rights Law ("NYSHRL") § 290 *et seq.* Plaintiff seeks compensatory and punitive damages and other relief, permitted under federal and New York State anti-discrimination laws, arising from Defendants' illegal, discriminatory, and disparate treatment of Plaintiff.

  On March 22, 2019, the Court issued an Opinion and Order denying Defendants' Motion for Summary Judgment in its entirety. ("Summary Judgment Order," ECF No. 45.) Trial is scheduled to begin on June 1, 2020. Before the Court is Defendants' pre-trial motion *in limine* seeking to exclude evidence of backpay and frontpay damages and/or dismissal of Plaintiff's claim for such damages and liquidated damages as asserted in the Complaint. (*See* Defendants' Mot. *in*

1

*Limine* ("Def. Mot."), ECF No. 51.) For the following reasons, Defendants' motion is DENIED in its entirety.

## BACKGROUND

The following allegations are taken from Plaintiff's Complaint.[1] Plaintiff alleges that Defendants discriminated against him because of his age—Plaintiff was sixty-three (63) years old at the conclusion of his employment with SUFSD—and that the discrimination against him culminated in his constructive discharge. (Compl. at ¶ 1.) As a result of Defendants' discriminatory actions, Plaintiff alleges that he retired one year earlier than planned: while he had planned to retire at the end of the 2015–2016 school year, he instead retired at the end of the 2014–2015 school year. (*Id.* at ¶¶ 24–25, 41.) Plaintiff collected a $10,000 retirement bonus provided for in the applicable teacher contract for that time period. (*Id.* at ¶ 41.)

Plaintiff alleges injuries in the form of financial harm as well as severe emotional distress. (*Id.* at ¶ 45.) Consequently, Plaintiff seeks compensatory and punitive damages and other relief arising from Defendants' illegal, discriminatory, and disparate treatment of Plaintiff, as a result of his age, under federal and New York State anti-discrimination laws. (*Id.* at ¶ 2.) In particular, he seeks backpay compensation for the loss of a year of salary (the 2015–2016 school year), as well as frontpay for the reduction in his retirement benefits due to his early retirement in 2015. (*Id.* at ¶¶ 52, 59.)

---

[1] The Court presumes the parties' familiarity with the facts previously summarized in its Opinion and Order on Defendants' motion for summary judgment and will not restate them in total here. *See Walsh v. Scarsdale Union Free Sch. Dist.*, 375 F. Supp. 3d 467 (S.D.N.Y. 2019) (addressing defendants' motion for summary judgment) (ECF No. 45). This abbreviated factual summary is included to provide the necessary context for the instant motion.

Defendants' pre-trial motion *in limine* seeks to exclude evidence of backpay and frontpay damages pursuant to Rule 104 of the Federal Rules of Evidence (*See* Def. Mot; Def. Mem. In Support of Mot. *in Limine* ("Def. Mem."), ECF No. 53, at 1.) In the alternative, Defendants seek dismissal of Plaintiff's claim for such damages as asserted in the Complaint under Rules 12(h)(2) and 12(c) of the Federal Rules of Civil Procedure. (*See* Def. Mot.; Def. Mem. at 1, 4–5.)

## LEGAL STANDARD

### a. Federal Rule of Civil Procedure 12(c) Judgment on the Pleadings

Federal Rule of Civil Procedure 12(h)(2) provides that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)." Fed. R. Civ. P. 12(h)(2). Under Federal Rule of Civil Procedure 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Graziano v. Pataki,* 689 F.3d 110, 114 (2d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006); *see also* Fed. R. Civ. P. 12(b)(6).

In ruling on a motion to dismiss, a "court may consider the facts as asserted within the four corners of the complaint together with the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.,* 602 F.3d 57, 64 (2d Cir. 2010) (internal quotation and citation omitted). Courts may also consider "matters of which judicial notice may be taken" and "documents either

in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

### b. Rule 12(d) and Conversion to Summary Judgment

Conversely, when documents are included on a motion to dismiss that do not fall into these categories, "a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment . . . and afford all parties the opportunity to present supporting material." *Friedl v. City of N.Y.*, 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). Rule 12(d) provides:

> If, on a motion under Rule . . . 12(c), *matters outside the pleadings are presented to and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (emphasis added). Accordingly, a district court acts properly in converting a motion for judgment on the pleadings into a motion for summary judgment when the motion presents matters outside the pleadings, as long as the Court gives "sufficient notice to an opposing party and an opportunity for that party to respond." *Groden v. Random House, Inc.*, 61 F.3d 1045, 1052 (2d Cir. 1995). Ordinarily, formal notice is not required where a party "should reasonably have recognized the possibility that the motion might be converted into one for summary judgment [and] was [neither] taken by surprise [nor] deprived of a reasonable opportunity to meet facts outside the pleadings." *Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009) (quoting *Villante v. Dep't of Corrections of City of New York*, 786 F.2d 516, 521 (2d Cir. 1986)).

### c. Rule 56 and Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury

4

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

In deciding a motion for summary judgment, a court must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal quotation marks omitted). However, a court should grant summary judgment when a party who bears the burden of proof at trial "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 323 (internal quotation marks omitted).

"[W]hen confronted with evidence of facts that would support summary judgment, the [nonmoving party] must come forward with evidence in admissible form that is capable of refuting those facts." *George v. Rockland State Psychiatric Ctr.*, No. 10-cv-8091(NSR), 2014 WL 5410059, at *3 (S.D.N.Y. Oct. 23, 2014) (quoting *Wali v. One Source Co.*, 678 F. Supp. 2d 170, 177 (S.D.N.Y. 2009)) (internal quotation marks omitted). The nonmoving party "may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal citation and quotation marks omitted). Further, "[s]tatements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999).

A party must support its position by citing to materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations admissions, interrogatory answers, or other materials. Fed. R. Civ. P. 56(c)(1). Importantly, a court need only consider facts that are admissible in evidence. *Raskin v. Wyatt Co.,* 125 F.3d 55, 66 (2d Cir. 1997).

### d. Motions *in Limine* Regarding Admissibility

"A district court's inherent authority to manage the course of its trials encompasses the right to rule on motions *in limine*." *Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 176–77 (S.D.N.Y. 2008) (citing *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984)). An *in limine* motion is intended "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

Thus, the Court is called "to make a preliminary determination on the admissibility of the evidence under Rule 104 of the Federal Rules of Evidence." *Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 467 (S.D.N.Y. 2005) (citation omitted). Only evidence that is "clearly inadmissible on all potential grounds" should be excluded on a motion *in limine*. *United States v. Paredes*, 176 F. Supp. 2d 179, 181 (S.D.N.Y. 2001). Because the Court does not have the benefit of viewing the proposed evidence in the context of trial, a motion *in limine* ruling may be "subject to change when the case unfolds, particularly if the actual testimony differs from what was contained in the defendant[s'] proffer." *Paredes*, 176 F. Supp. 2d at 181 (quoting *Luce*, 469 U.S. at 41).

**DISCUSSION**

The damages that Plaintiff seeks include those for backpay (*i.e.,* lost wages and pension contributions for the 2015–2016 school year, during which he was precluded from teaching),[2] lost pension benefits,[3] and emotional stress and physical and mental pain and suffering.[4] (*See* Plaintiff's Memorandum of Law in Opposition, "Pl. Opp. Mem.," ECF No. 56, at 4.) Defendants argue that, as a matter of law, Plaintiff is not entitled to recover any backpay or frontpay damages due to his decision to retire. (Def. Mem. at 4.) The crux of this argument is Defendants' contention that Plaintiff failed to fulfil an employee's duty to mitigate his or her damages after an alleged discriminatory action occurs. (*Id.* at 5–9; Defendants' Reply Memorandum ("Def. Reply Mem."), ECF No. 58 at 2–9.)

Plaintiff argues that Defendants' motion presents triable issues of fact for the jury, and therefore cannot be resolved by way of the instant motion. (Pl. Mem. at 5, 9–12.) Plaintiff also argues that Defendants have not met their burden of proof on the mitigation issue. (*Id.* at 6–9.)

---

[2] "When confronted with a violation of the ADEA, a district court is authorized to afford relief by means of . . . backpay." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 357 (1995). "A plaintiff who has proven a discharge in violation of the ADEA is, as a general matter, entitled to backpay from the date of discharge until the date of judgment." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 167–68 (2d Cir. 1998). Furthermore, for willful violations, the ADEA provides for liquidated damages equal to the amount of backpay awarded. *See* 29 U.S.C. § 626(b). Backpay is also available under NYSHRL. *See* N.Y. Exec. Law § 297 4(c).

[3] The Second Circuit has distinguished two kinds of relief pertaining to lost pension benefits: "First, the plaintiff's lost service and salary credits may be restored to his pension plan. This is . . . post-trial, equitable relief." *Sharkey v. Lasmo (AUL Ltd.)*, 214 F.3d 371, 375 (2d Cir. 2000). Second, "it is also possible to award money damages to compensate the plaintiff for the value of the pension benefits that were lost. This form of legal relief is proper for a jury to award." *Id.*

[4] Per the Court's Summary Judgment Order, compensatory damages for emotional distress or pain and suffering may only be available with respect to Plaintiff's NYSHRL claim. *See* Summary Judgment Order at 22; *see also Lewis v. Am. Sugar Ref., Inc.*, 325 F. Supp. 3d 321, 363 (S.D.N.Y. 2018) ("Under NYSHRL, a plaintiff may recover compensatory damages for mental anguish.").

I.  **Employee's Duty to Mitigate**

An employee alleging unlawful discrimination has a duty to mitigate his or her damages by using "reasonable diligence in finding other suitable employment." *Ford Motor Co. v. EEOC*, 458 U.S. 219, 231–32 (1982). This duty, which is "rooted in an ancient principle of law," applies to Title VII claimants as well as ADEA and ADA claimants. *Id.* at 231 (duty applies in Title VII context); *Dominic v. Consol. Edison Co. of New York*, 822 F.2d 1249, 1258 (2d Cir. 1987) (duty applies in ADEA context); *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 53 (2d Cir. 1998) (duty applies in ADA context).[5]

The duty to mitigate "is not onerous, and does not require [the claimant] to be successful in mitigation." *Dailey v. Societe Generale*, 108 F.3d 451, 456 (2d Cir. 1997) (quoting *Rasimas v. Michigan Dep't of Mental Health*, 714 F.2d 614, 624 (6th Cir. 1983)); *see also Ramey v. Dist. 141, Int'l Assoc. of Machinists & Aerospace Workers*, No. 99-CV-4341 BMC RML, 2010 WL 3619708, at *4 (E.D.N.Y. Sept. 10, 2010) (The duty to mitigate is "minimal."). The claimant "need not go into another line of work, accept a demotion, or take a demeaning position," however, "he forfeits his right to backpay if he refuses a job substantially equivalent to the one he was denied." *Ford Motor Co.*, 458 U.S. at 231–32.

Nevertheless, even if an employee fails to mitigate damages entirely, he or she may still be entitled to some amount of backpay damages. An employee who has failed to mitigate may still recover "limited damages" if "the total compensation . . . received from comparable employment would have been less than what [the employee] received from the defendant." *Broadnax v. City of New Haven*, 415 F.3d 265, 269–70 (2d Cir. 2005) (citing *Greenway v. Buffalo Hilton Hotel*, 143

---

[5] *See also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 908 (2d Cir. 1997) ("The NYSHRL substantially tracks Title VII . . . in its requirement that plaintiffs mitigate their damages.").

F.3d 47, 54–55 (2d Cir. 1998); *see also Booker v. Taylor Milk Co., Inc.,* 64 F.3d 860, 867 (3d Cir. 1995) (refusing to deny plaintiff back pay altogether because "even had Plaintiff successfully mitigated his damages, he would still not have been made 'whole' absent the award of *some* back pay") (emphasis added).

### a. Employer's Burden of Proof

An employee's failure to mitigate damages is an affirmative defense. *See United States v. City of New York*, 847 F. Supp. 2d 395, 428 (E.D.N.Y. 2012) ("[L]ike the defense of mitigation of damages in other causes of action, mitigation of damages in an employment discrimination case is an affirmative defense that is waived if not pled in a defendant's answer."); *Grotke v. Canisius High Sch. of Buffalo, New York*, No. 90-CV-1057S, 1992 WL 535400, at *4 (W.D.N.Y. Apr. 13, 1992) (finding defendant must affirmatively plead plaintiff's failure to mitigate damages in ADEA case and collecting cases).[6] "Generally, an employer seeking to avoid a lost wages award bears the burden of demonstrating that a plaintiff has failed to satisfy the duty to mitigate. This may be done by establishing (1) that suitable work existed, and (2) that the employee did not make reasonable efforts to obtain it." *Broadnax v. City of New Haven*, 415 F.3d 265, 268 (2d Cir. 2005) (internal citations and quotation marks omitted).

The Second Circuit has recognized an exception to this general rule, under which an employer "is released from the duty to establish the availability of comparable employment if it can prove that the employee made no reasonable efforts to seek such employment." *Id.* (quoting *Greenway v. Buffalo Hilton Hotel*, 143 F.3d 47, 54 (2d Cir. 1998)). Defendants bear the burden of showing that this exception applies. *Id.* at 268–69 ("[I]t is the employer, not the employee, who

---

[6] The Court notes that Defendants properly raised Plaintiff's failure to mitigate his damages as an affirmative defense in their Answer. (*See* Answer, ECF No. 7, ¶ 74.)

9

bears the burden on the issue of effort to seek employment."). To meet this burden, Defendants "must show that the course of conduct plaintiff actually followed was so deficient as to constitute an unreasonable failure to seek employment. The range of reasonable conduct is broad and the injured plaintiff must be given the benefit of every doubt in assessing her conduct." *Mugavero v. Arms Acres*, Inc., 680 F. Supp. 2d 544, 580 (S.D.N.Y. 2010) (quoting *EEOC v. Kallir, Philips, Ross, Inc.*, 420 F. Supp. 919, 925 (S.D.N.Y. 1976)).

### b. Circumstances Affecting Reasonableness of Employee's Efforts

Whether a plaintiff has made "no reasonable efforts" to seek "suitable" employment depends on the plaintiff's individual circumstances:

> [A]n assessment of the reasonableness of a plaintiff's effort to mitigate encompasses more than a simple review of the duration of his or her job search, or of the plaintiff's initial estimates as to how long a successful job search might take; instead, it entails a consideration of such factors as "the individual characteristics of the claimant and the job market," as well as the quantity and quality of the particular measures undertaken by the plaintiff to obtain alternate work.

*Dailey*, 108 F.3d at 456 (citations omitted). A plaintiff "does not have to endure extreme hardship to meet her mitigation obligations," and "the personal and financial costs incurred during . . . a protracted period of unemployment" is relevant to the reasonableness inquiry. *Id.* (citations omitted). Moreover, "there is no threshold requirement that some job search must have been undertaken in order for a plaintiff's efforts to be deemed reasonable." *Ramey*, 2010 WL 3619708, at *5 (citing *Broadnax*, 415 F.3d at 268–69).

Here, there are several factors that may bear on the reasonableness of Plaintiff's efforts during the one-year period between the alleged constructive discharge and Plaintiff's intended retirement date at the end of the 2015–2016 school year.

### i. Age and Experience

Plaintiff's age and experience may be salient factors in determining the reasonableness of his efforts. *See Bauers-Toy v. Clarence Cent. Sch. Dist.*, No. 10-CV-845, 2015 WL 13574309, at *3 (W.D.N.Y. Oct. 5, 2015) (teacher's age and experience considered part of reasonableness analysis). For example, in *Ramey v. District 141, International Association of Machinists & Aerospace Workers*, age and seniority level factored heavily in the court's consideration of wrongfully terminated employees' mitigation efforts. *See* 2010 WL 3619708, at *3. In *Ramey*, the plaintiffs were 61, 62, and 64 years old at the time they were placed on furlough. *Id.* at *1. The court found that "plaintiffs' ages made it extremely unlikely that any of them would be able to get another position, and any such position would have been a significant step down." *Id.* at *3. The court was ultimately persuaded that "no one was going to hire people at their age, on the cusp of retirement, for employment comparable to that of which defendants had deprived them." *Id.* at *6.

### ii. Removal from the Labor Market

Whether an employee remains in the labor market also informs whether his or her efforts were reasonable. *See Reilly v. Cisneros*, 835 F. Supp. 96, 99 (W.D.N.Y. 1993), *aff'd*, 44 F.3d 140 (2d Cir. 1995) ("In general, a plaintiff fails to mitigate adequately . . . 'to the extent he fails to remain in the labor market.'") (quoting *N.L.R.B. v. Mastro Plastics Corp.*, 354 F.2d 170, 174 (2d Cir. 1965)); *Arbercheski v. Oracle Corp.*, 650 F. Supp. 2d 309, 313 (S.D.N.Y. 2009) (finding plaintiff failed to undertake *any* reasonable efforts to secure comparable employment). The *Ramey* court, examining this issue with respect to older employees, reasoned that the plaintiffs' "age alone was sufficient to support an inference that any job search for a substantially equivalent position . . . would have been futile," and "there is no requirement to undertake an exercise in futility." 2010

WL 3619708, at *6–7 (collecting cases where older age was found to diminish likelihood of re-employment). While the employees' statements that they did not seek other work were "damaging," they did not render their actions "per se unreasonable." *Id*. at *5; *see also Padilla v. Metro-N. Commuter R.R.*, 92 F.3d 117, 125 (2d Cir. 1996) (even though plaintiff "did not actively seek alternative employment, he acted reasonably in mitigating his damages.").

Defendants cite *N.L.R.B. v. Mastro Plastics Corp.* and *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 168 (2d Cir. 1998), along with cases from other circuits, in support of the proposition that Plaintiff is not entitled to any backpay due to his retirement. (*See* Def. Mem. at 7–8; Def. Reply Mem. at 3.) But this argument overreaches. In a case decided subsequent to *Mastro Plastics* and *Kirsch*, the Second Circuit clarified that an employee's retirement "does not preclude the possibility that the 'retiree' was making reasonable efforts to find work." *N.L.R.B. v. Thalbo Corp.*, 171 F.3d 102, 110 (2d Cir. 1999). Thus, while Plaintiff's retirement is certainly relevant to the "reasonable efforts" analysis, it is not dispositive of the damages question as a matter of law.

### iii. Emotional Distress and Other Impairments

In some cases, impairments suffered as a result of the discriminatory action may also affect the "reasonable efforts" inquiry. *See Reilly*, 835 F. Supp. at 101 (18-year employee suffering from alcoholism and feelings of discouragement "could not have been expected to start a comprehensive job search immediately"); *see also Durham Life Ins. Co. v. Evans*, 166 F.3d 139, 157 (3d Cir. 1999) (where employer's conduct "affirmatively impaired [plaintiff's] ability to mitigate her damages, it would be inequitable to reduce her back pay award in this case."); *Lathem v. Dep't of Children & Youth Servs.*, 172 F.3d 786, 794 (11th Cir. 1999) (mitigation requirement does not apply to a plaintiff "where the defendant's discriminatory conduct resulted in the disability that prevents the plaintiff from finding other employment."); *EEOC v. Gurnee Inn Corp.*, 914 F.2d

12

815, 818 n.4 (7th Cir. 1990) (claimants' emotional state caused by defendant's actions made it "not . . . unreasonable" for them to wait a period of time before looking for work); *Maturo v. Nat'l Graphics, Inc.*, 722 F. Supp. 916, 925–26 (D. Conn. 1989) (where employee suffered emotional injuries that were the direct result of defendants' actions, employee "[would] not be penalized for failing to seek or to secure employment during those times.").

    **c. Comparable Employment Opportunities**

Lastly, if an employer is able to meet its burden of showing a plaintiff's failure to seek alternative employment, the burden shifts to the plaintiff to show that comparable employment—and comparable compensation—was not available, and therefore the plaintiff is still entitled to limited damages. *Greenway*, 143 F3d 47 at 55; *Broadnax*, 415 F.3d at 270. Notably, "[t]he claimant need not accept employment that is not comparable to his previous position." *Clarke v. Frank*, 960 F.2d 1146, 1152. As discussed *supra*, an employment opportunity is not considered suitable if it is in another line of work, would represent a demotion, or a demeaning position. *See Ford Motor Co.*, 458 U.S. at 231–32. "[T]he new position must afford [the plaintiff] virtually identical promotional opportunities, compensation, job responsibilities, working conditions and status as the former position." *Shannon v. Fireman's Fund Ins. Co.*, 136 F. Supp. 2d 225, 229 (S.D.N.Y. 2001) (quoting *Reilly*, 835 F. Supp. at 100).

Courts may consider the "employee's age, profession, and ties to the community in determining the suitability of [alternative employment]." *Eassa v. Hartford Fire Ins. Co.*, No. 90-CV-321, 1991 WL 255111, at *10 (N.D.N.Y. Nov. 29, 1991), *aff'd*, 979 F.2d 845 (2d Cir. 1992). An employee is also "not obligated to mitigate damages by pursuing or continuing employment located . . . an unreasonable distance from her home." *Bergerson v. New York State Office of*

13

*Mental Health, Cent. New York Psychiatric Ctr.*, 526 F. App'x 109, 111 (2d Cir. 2013) (summ. order) (collecting cases).

**II. Rule 12(c) Motion: Conversion to a Rule 56 Motion**

The Court notes that Defendants base their instant motion on "all of the record evidence adduced during discovery" in addition to the factual averments of the Complaint. (Def. Mem. at 5.) Both parties have submitted exhibits, including deposition transcripts, that were outside of the pleadings. Defendants submit as exhibits to their motion, among other things, Plaintiff's 50-h Examination transcript, portions of Plaintiff's deposition transcript, certain of Plaintiff's interrogatory responses, and letters relevant to Plaintiff's retirement. (*See* Silverman Decl., ECF No. 52.) In turn, Plaintiff submitted exhibits in a similar vein, including additional letters and portions of former Assistant Superintendent Weber's deposition. (*See* Brinkman Decl., ECF No. 55.) As Defendant has presented matters outside the pleadings, which the Court does not exclude, and because Plaintiff was timely apprised of the possibility that this motion could be treated as a motion for summary judgment and has had the opportunity to present supporting material, the Court hereby treats Defendants' motion as one for summary judgment. *See Groden v. Random House, Inc.*, 61 F.3d 1045, 1053 (2d Cir. 1995) (nonmoving party submitted affidavits, testimony, and technical data and had "ample opportunity to present evidence outside the pleadings").

In its previously issued Summary Judgment Order, the Court addressed the issue of damages recoverable under the ADEA and NYSHRL. Defendants had opposed Plaintiff's claims on the ground that Plaintiff lacked provable damages, but the Court rejected this argument. Specifically, the Court found that "Plaintiff adduced proof that he had intended to retire . . . but only resigned earlier due to what he perceived as an insufferable work environment. Further, under the principles in *Whittlesey*, the Court could calculate an appropriate sum of damages. . . ."

(Summary Judgment Order at 21–23.) The Court concluded that "Plaintiff's ADEA claims are ripe and actionable." (*Id.* at 23.) The Court also denied Defendants' Motion to Dismiss Plaintiff's discrimination claims on insufficient pleading grounds. (*Id.* at 28.)[7]

As the mitigation issue was not raised in Defendants' previous motion for summary judgment, the Court will proceed to evaluate the merits of this defense. The threshold question before the Court is whether there is "no genuine dispute as to any material fact" and Defendants are "entitled to judgment as a matter of law" on the issue of Plaintiff's mitigation efforts. *See* Fed. R. Civ. P. 56(a).

Because an evaluation of an employee's reasonable mitigation efforts is fact-specific and depends on an individual's unique circumstances, it is typically determined by the jury. *See, e.g., Hawkins v. 1115 Legal Serv. Care*, 163 F.3d 684, 696 (2d Cir. 1998) ("The question whether an employee has made reasonably diligent [mitigation] efforts is one of fact for the jury."); *Dailey*, 108 F.3d at 456 ("While it is the plaintiff's duty to mitigate, it is the defendant who has the evidentiary burden of demonstrating *at trial* that a plaintiff has failed to satisfy this duty.") (emphasis added); *Lavalette v. Ion Media Networks, Inc.*, No. 16 CIV. 7286 (KPF), 2019 WL 3409899, at *14 (S.D.N.Y. July 29, 2019) (reasonableness of plaintiff's acceptance of a lower-paying position and "the credibility of Plaintiff's description of additional efforts to find alternative employment" were issues for the jury); *Elmessaoudi v. Mark 2 Rest. LLC*, No. 14 CIV. 4560 (PGG), 2016 WL 4992582, at *15–16 (S.D.N.Y. Sept. 15, 2016) (finding "it is a jury question whether Plaintiff made reasonable efforts to mitigate his damages."); *Bauers-Toy v. Clarence Cent. Sch. Dist.*, No. 10-CV-845, 2015 WL 13574309, at *4 (W.D.N.Y. Oct. 5, 2015) ("[W]hether

---

[7] For this reason, because the standard for analyzing a motion for judgment on the pleadings under Rule 12(c) is identical to the standard for a motion to dismiss for failure to state a claim under Rule 12(b)(6), Defendants' 12(c) motion would also fail. *See Cleveland v. Caplaw Enters.*, 448 F.3d 518, 521 (2d Cir. 2006).

plaintiff acted reasonably in mitigation of damages is an issue of fact to be determined by the jury.").[8]

Defendants point to evidence showing that Plaintiff did not apply for alternative employment. They cite Plaintiff's deposition testimony, in which Plaintiff testified that, as a retired teacher, he is permitted to do substitute teaching but that he "wouldn't," then clarifying, "I don't foresee that I will." Def. Mem., Ex. C, 50-h Tr., at 133:23–134:4. In addition, Defendants note Plaintiff's interrogatory response, which states that Plaintiff has not applied for employment with any other employers than the District since January 2015. Def. Mem., Ex. G, Interrogatory Response No. 19. Furthermore, as a retiree, Plaintiff was restricted from working as a teacher for one year absent a waiver from the New York State Department of Education. *See LaSalle v. Bd. of Edu*, 82 AD.3d. 1167, 1167 (NY App. Div. 2d Dep't 2011).

Plaintiff counters that he was not offered, nor did he reject, any comparable job or transfer. Pl. Mem., Ex. 6, 50-h Tr. at 102:15–104:22. In addition, Plaintiff claims that Defendants' discriminatory actions "caused him physical problems including anxiety and stress as well as an ulcer, which continued past his last day of teaching." Pl. Mem. at 4; Ex. 6, 50-h Tr. at 93:8–20; Ex. 2 Walsh Dep. Tr. at 125:24–126:10. Plaintiff further argues that "it would not have been feasible for Mr. Walsh to obtain a comparable full-time tenure track teaching position for a single year." Pl. Mem. at 4 n.3.

Given these conflicting narratives, it appears there is a genuine dispute of material fact as to the extent of Plaintiff's efforts to find suitable employment and the reasonableness of those efforts. The parties dispute the "reasonableness" of Plaintiff's actions in light of his age and

---

[8] With respect to the NYSHRL claim, "federal courts applying New York law have found that the question as to whether a plaintiff is entitled to an award of back or front pay should generally be decided by a jury." *Shannon v. Fireman's Fund Ins. Co.*, 136 F. Supp. 2d 225, 228 (S.D.N.Y. 2001).

imminent retirement plans, his experience and skill level, the emotional injuries he claims to have suffered, as well as the availability other employment opportunities (or lack thereof). The Court therefore finds that a reasonable fact finder could conclude that Defendants have not met their burden of proving that Plaintiff "made no reasonable efforts" to seek "suitable" employment.

### III. Admissibility of Evidence Regarding Damages

The second question before the Court is whether evidence related to backpay or frontpay damages should be excluded. Defendants argue that exclusion is proper because, as a matter of law, Plaintiff is not entitled to recover such damages due to his decision to retire. Based upon the evidence presented, and for the reasons previously stated, the Court does not find as a matter of law that Plaintiff failed to mitigate his damages. Defendants have not shown that the evidence of backpay and frontpay damages is "clearly inadmissible on all grounds." *Command Cinema Corp. v. VCA Labs, Inc.*, 464 F. Supp. 2d 191 (S.D.N.Y. 2006) (quoting *United States v. Ozsusamlar*, 428 F. Supp. 2d 161, 164 (S.D.N.Y. 2006)). Accordingly, because the issue of adequate mitigation is properly to be determined by the jury, the Court will not categorically exclude evidence regarding backpay and frontpay damages that is otherwise admissible.

### CONCLUSION

For the foregoing reasons, Defendants' Motion *in Limine* is DENIED in its entirety. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 51.

Dated: December 12, 2019  
        White Plains, New York

SO ORDERED:

_____  
NELSON S. ROMÁN  
United States District Judge